1

2

3

4

5

6

7          **IN THE DISTRICT COURT OF THE STATE OF WASHINGTON**
           **IN AND FOR THE COUNTY OF WHATCOM**

8
   JOSEPH ANDREW HYLKEMA, a single      No. CV10-976
9  man,
                          Plaintiff     SUMMONS [20/60 DAYS]
10 v.

11 GC SERVICES LIMITED PARTNERSHIP
   of Delaware; JANE DOE McKEE,
12 BRANDY DOE and DEREK HILL
   jointly and severally,
13                        Defendants

14 THE STATE OF WASHINGTON

15 TO:   THE DEFENDANTS

16 A lawsuit has been started against you in the above entitled
   court by JOSEPH ANDREW HYLKEMA, plaintiff. Plaintiff's claim is
17 stated in the written complaint, a copy of which is served upon
   you with this summons.

18
   In order to defend against this lawsuit, you must respond to the
19 complaint by stating your defense in writing, and by serving a
   copy upon the person signing this summons within 20 days after
20 the service of this summons (60 days if served outside the state
   of Washington), excluding the day of service, or a default
21 judgment may be entered against you without notice.  A default
   judgment is one where plaintiff is entitled to what he asks for
22 because you have not responded.  If you serve a notice of
   appearance on the undersigned person, you are entitled to notice
23 before a default judgment may be entered.

24

SUMMONS - 1                                          JOSEPH ANDREW HYLKEMA
                                                    477 PEACE PORTAL DRIVE #107-244
                                                          BLAINE, WA 98230
                                                            (206) 202-4530
                                                   EMAIL: HYLKEMAJ@IBOMEDIA.COM

1   Any response or notice of appearance which you serve on any
party to this lawsuit must also be filed by you with the court
2   within 20 days after the service of summons (60 days if served
outside the state of Washington), excluding the day of service.
3

You may demand that the plaintiff file this lawsuit with the
4   court. If you do so, the demand must be in writing and must be
served upon the person signing this summons. Within 14 days
5   after you serve the demand, the plaintiff must file this lawsuit
with the court, or the service on you of this summons and
6   complaint will be void.

7   If you wish to seek the advice of an attorney in this matter,
you should do so promptly so that your written response, if any,
8   may be served on time.

9   This summons is issued pursuant to rule 4 of the Civil Rules for
Courts of Limited Jurisdiction of the State of Washington.
10

DATED:   May 27, 2010
11

12

13   JOSEPH ANDREW HYLKEMA
WSBA: N/A
14   Plaintiff pro se

15

16

17

18

19

20

21

22

23

24

SUMMONS - 2

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

JOSEPH ANDREW HYLKEMA, a single
man,

               Plaintiff

v.

GC SERVICES LIMITED PARTNERSHIP
of Delaware; JANE DOE McKEE,
BRANDY DOE and DEREK HILL
jointly and severally,

               Defendants

No.  dV10-916

COMPLAINT

ORIGINAL

COMES NOW the plaintiff who, for causes of action set forth below, hereby sues defendants GC SERVICES LIMITED PARTNERSHIP ("GC"), Jane Doe McKEE, Brandy DOE and Derek HILL (McKEE, DOE and HILL, collectively, the "Individual Defendants"; GC and the Individual Defendants, collectively, "Defendant") and for his complaint alleges the following:

## 1. NATURE OF ACTION

1.1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Washington Consumer Protection Act ("WCPA"), RCW 19.86 et seq.  Plaintiff brings this action in the capacity of a

COMPLAINT - 1

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  private attorney general to impose strict liability upon all

2  defendants and each of them individually for their violations of

3  the FDCPA and the WCPA.

4  <center>**2. JURISDICTION AND VENUE**</center>

5  2.1. Jurisdiction arises under 15 U.S.C. § 1692k(d), RCW

6  3.66.020(2) and (11) and RCW 19.86.090. Venue is proper in this

7  Court as Defendant transacts business here and the conduct

8  complained of occurred here.

9  <center>**3. PARTIES AND BACKGROUND**</center>

10  3.1. The plaintiff ("Plaintiff") is a *sui juris* adult who has

11  been the subject of Defendant's debt collection activities and

12  has been damaged thereby.

13  3.2. Defendant GC is a Delaware limited partnership that has its

14  offices and principal place of business at 6330 Gulfton Drive,

15  Houston, TX 77081. Upon information and belief, the conduct

16  complained of herein originated from GC's branch office located

17  at 4777 Hilton Corporate Drive, Columbus, OH 43232.

18  3.3. Defendant GC is authorized to do business in the state of

19  Washington through its registered agent CT Corporation System

20  located at 206 — 1801 West Bay Drive NW, Olympia, WA 98502.

21  3.4. At all relevant times herein, GC was the assignee of

22  Plaintiff's alleged obligation to pay money to non-party U.S.

23  Department of Education ("ED") on its direct student loan

24  program (the "Alleged Debt"). The Alleged Debt arose out of

COMPLAINT - 2

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4550
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1    transactions   primarily   for   personal,   family   or   household

2    purposes.

3    3.5. Defendant GC's principal business purpose is the collection

4    of debts. GC regularly attempts to collect debts asserted to be

5    owed or due ED and others using the telephone, mails, and other

6    instrumentalities of interstate commerce and did so attempt to

7    collect the Alleged Debt from Plaintiff.

8    3.6. The   Individual   Defendants,   each   sued   herein   in   their

9    personal capacities, are *sui juris* adults and at all times

10   relevant herein were employees of defendant GC.

11   3.7. Upon   information   and   belief,   the   names   used   by   the

12   Individual   Defendants   are   not   their   true   names   but   are

13   pseudonyms  (in  industry  parlance,  "desk  names")  used  while

14   attempting   to   collect   debts.   Plaintiff   therefore   does   not

15   definitively know the true identity of the Individual Defendants

16   at  this  time  and  they  are  therefore  sued  herein  by  such

17   fictitious names.  Plaintiff will ascertain the true identities

18   of the Individual Defendants and will amend this Complaint to

19   reflect the same.

20   3.8. The   Individual   Defendants   were   hired,   trained,   and

21   supervised using GC's methods, materials, and personnel.  All of

22   the Individual Defendants' conduct complained of herein was done

23   with GC's full knowledge, consent, and support; was within the

24   course and scope of their employment with GC; and was done in

COMPLAINT - 3

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4830
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1  furtherance of GC's business.

2              **4. STATEMENT OF FACTS**

3  4.1. On or about Monday, March 22nd, 2010, Plaintiff contacted

4  ED to inquire about repaying the Alleged Debt using ED's Loan

5  Rehabilitation Program ("LRP"). ED representatives informed

6  Plaintiff that the Alleged Debt had been assigned to defendant

7  GC for collection.   Plaintiff was advised to contact GC to

8  enroll in the LRP.

9  4.2. Under the LRP, a borrower is able to restore his defaulted

10 student loans to good standing and to restore eligibility for

11 further federal financial aid.

12 4.3. 34 C.F.R. § 685.211(4)(f), its enabling statute, 20 U.S.C.

13 § 1078-6 and ED's internal collection policies state that a

14 defaulted loan is rehabilitated when the borrower (1) makes nine

15 payments (2) by a date certain (3) that are "reasonable and

16 affordable given the borrower's total financial circumstances."

17 A true and correct copy of the relevant portions of ED's 2009

18 Private Collection Agency policy manual is attached hereto as

19 Exhibit A.  A true and correct copy of the relevant portions of

20 ED's 2009 Private Collection Agency training slideshow is

21 attached hereto as Exhibit B.

22 4.4. As instructed by ED, Plaintiff contacted GC.  Plaintiff

23 spoke with Defendant McKEE who advised Plaintiff that the LRP

24 requires a substantial down payment of approximately 10 per cent

COMPLAINT - 4                                    JOSEPH ANDREW HYLKEMA
                                                 477 PEACE PORTAL DRIVE #107-244
                                                      BLAINE, WA 98230
                                                       (206) 202-4530
                                                 EMAIL: HYLKEMAJ@ISOMEDIA.COM

1   of the total outstanding balance plus monthly payments of

2   approximately $900.

3   4.5. Defendant McKee stated that $900 per month was a required

4   minimum "qualifying" payment and that on no account could

5   Plaintiff's loans be rehabilitated for less than that amount.

6   4.6. Defendant McKEE also stated that Plaintiff was required to

7   provide her with answers to numerous intrusive questions about

8   his financial circumstances in order for Plaintiff to qualify

9   for the LRP.

10  4.7. Defendant McKEE also told Plaintiff that GC and/or ED

11  intended to take legal action against him, saying, "I don't work

12  in legal, sir, I try to stop it from going there," that her job

13  was to "try and get [Plaintiff] out of default before any

14  further action is taken on the account" and that "further

15  action" was pending on the account.

16  4.8. Plaintiff then spoke with Defendant DOE who said that $542

17  per month was the minimum payment necessary to rehabilitate the

18  loans.  Defendant DOE also said that the payment amount was set

19  by ED and that the amount was based on a fraction of the

20  outstanding loan balance irrespective of Plaintiff's income or

21  financial circumstances.

22  4.9. Plaintiff then spoke with Defendant HILL who reiterated

23  that payments of $542 per month would be required to participate

24  in the LRP.  Like Defendant DOE, Defendant HILL stated that the

COMPLAINT - 5

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1   payment amount was based on "guidelines set by ED" and was based

2   on the outstanding balance of the loans irrespective of

3   Plaintiff's income or financial circumstances. Defendant HILL

4   went so far as to say, "whether you show me that you make five

5   thousand every month or five dollars every month, that amount is

6   still going to be the same."

7   4.10.   All of the foregoing statements are false. As stated in

8   paragraph 4.3, *supra*, there is in fact no minimum "qualifying"

9   payment under the LRP, nor is any down payment required to

10   participate in the LRP.

11   4.11.   Defendant's statements about the LRP's requirements were

12   knowingly false and were made with a selfish motive. $542 per

13   month was the minimum payment for GC to receive approximately

14   $1,200 in commission payments instead of a $100 administrative

15   resolution fee.

16   4.12.   Additionally, neither Defendant nor ED have the authority

17   or the intention of suing Plaintiff as Plaintiff's loans do not

18   meet ED's criteria for a Department of Justice litigation

19   referral.

20   4.13.   Defendant's conduct herein was persistent, deliberate,

21   and in bad faith.

22   4.14.   As a direct and proximate result of Defendant's conduct

23   herein, Plaintiff has suffered damages.

24

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1      **5. FIRST CAUSE OF ACTION — VIOLATION OF FDCPA**

2        **COUNT ONE — VIOLATION OF 15 U.S.C. § 1692e(2)(A)**

3                **[AGAINST ALL DEFENDANTS]**

4   5.1. Defendant, in connection with the attempted collection of

5   the Alleged Debt, made false statements about the character and

6   amount of the Alleged Debt with respect to the LRP requirements.

7        **COUNT TWO — VIOLATION OF 15 U.S.C. § 1692e(10)**

8                **[AGAINST ALL DEFENDANTS]**

9   5.2. Defendant has attempted to collect the Alleged Debt through

10  numerous false, misleading and deceptive representations and

11  means, including, *inter alia*, knowing false statements about the

12  requirements to qualify for the LRP.

13  5.3. Defendant McKEE attempted to gain information about

14  Plaintiff through false, misleading and deceptive

15  representations and means by stating that Plaintiff had to

16  answer all of her questions in order to qualify for the LRP.

17        **COUNT THREE — VIOLATION OF 15 U.S.C. § 1692e(5)**

18            **[AGAINST DEFENDANTS GC AND MCKEE ONLY]**

19  5.4. In connection with the attempted collection of the Alleged

20  Debt, Defendant McKEE made false statements about GC's and/or

21  ED's intent to sue Plaintiff when in fact no such action could

22  legally be taken or was intended to be taken.

23

24

COMPLAINT - 7

JOSEPH ANDREW HYLKEMA
477 PEACE PORTAL DRIVE #107-244
BLAINE, WA 98230
(206) 202-4530
EMAIL: HYLKEMAJ@ISOMEDIA.COM

1        **6. SECOND CAUSE OF ACTION — VIOLATION OF WCPA**

2                    GENERAL ALLEGATION

3    6.1. Pursuant to RCW 19.16.440, violations of RCW 19.16.250 are

4    unfair acts or practices or unfair methods of competition in the

5    conduct  of  trade  or  commerce  and  thus  violate  the  WCPA.

6    Further,  pursuant  to  RCW  19.86.093(1),  Defendant's  conduct

7    herein is injurious to the public interest.

8            COUNT ONE — VIOLATION OF RCW 19.16.250(15)

9            [AGAINST DEFENDANTS GC AND MCKEE ONLY]

10   6.2. Defendant McKEE has made false statements about GC's and/or

11   ED's intent to sue Plaintiff when in fact no such action could

12   legally be taken at the time the threat was made.

13           **7. NO *BONA FIDE* ERROR DEFENSE**

14   7.1. To the extent that any violations of the FDCPA complained

15   of herein were not intentional, Defendant failed to maintain

16   procedures reasonably adapted to avoid such errors.  Further,

17   any such errors were errors of law that are not excused by the

18   *bona fide* error defense.  *See Jerman v. Carlisle*, ___ U.S. ___,

19   130 S.Ct. 1605 (U.S. Apr. 21, 2010); *Baker v. GC Services, Inc.*,

20   677 F.2d 775, 779 (9th Cir. 1982).  Thus, the 15 U.S.C. §

21   1692k(d) *bona fide* error defense does not apply.

22                **8. PRAYER FOR RELIEF**

23   8.1. WHEREFORE, Plaintiff respectfully prays the Court enter

24   judgment against Defendants, and each of them jointly and

COMPLAINT - 8                          JOSEPH ANDREW HYLKEMA
                                      477 PEACE PORTAL DRIVE #107-244
                                           BLAINE, WA 98230
                                            (206) 202-4530
                                      EMAIL: HYLKEMAJ@ISOMEDIA.COM

1   severally, as follows:

2   8.1.1. For money damages, including actual damages and the

3   maximum statutory damages permitted under the FDCPA and the

4   WCPA, and

5   8.1.2. For costs and fees of the suit, including reasonable

6   attorney fees in the event that Plaintiff instructs counsel

7   herein or to enforce any judgment entered herein in this or any

8   foreign jurisdiction, and

9   8.1.3. For an order, pursuant to RCW 19.16.450, barring the

10  collection of interest, service charges, attorney fees,

11  collection costs, delinquency charge, or any other fees or

12  charges otherwise legally chargeable to the Plaintiff on the

13  Alleged Debt by GC, ED or anyone else, and

14  8.1.4. For such other and further relief as the Court may deem

15  just, proper and equitable.

16  DATED: May 27, 2010

17  S/Joseph A. Hylkema
    JOSEPH ANDREW HYLKEMA
18  WSBA: N/A
    Plaintiff pro se

19

20

21

22

23

24

COMPLAINT - 9

# EXHIBIT "A"

# PCA Procedures Manual:
## 2009 ED Collections Contract





**U.S. Department of Education**

**Prepared by:**
**Federal Student Aid**
**Operation Services**
**Processing Division**

**Last Updated: September, 2009**

*"Resolving the past, today, for a better tomorrow"*

# CHAPTER 9:
# REHABILITATION

Rehabilitation is an ED "payment" program whereby an eligible borrower can, through appropriate and timely monthly payments, "rehabilitate" their defaulted loan(s) into good standing. Through the borrower's efforts of making consistent payments on-time, the borrower is able to receive certain benefits based upon a showing of good faith and a commitment to pay off their debt. Benefits include – reduced collection costs, removal from credit bureau report and ability to take advantage of appropriate program benefits such as deferments.

This Chapter will discuss rehabilitations within Direct Loans, Federal Family Education Loans (FFEL) and the Federal Perkins Loan Program (formerly NDSL).

## 1.          DIRECT LOAN REHABILITATION

> Reference: 34 CFR 685.211(f)

### A. Loan Eligibility

- ➢ Only Direct Loans are eligible for Direct Loan Rehabilitation
  - o These are identifiable by the first letter "D" in the debt identification number.
- ➢ Consolidation loans are eligible
- ➢ Loans rehabilitated prior to August 14, 2008 are eligible
  - o A list of ineligible previously rehabbed loans will be created monthly under TSO dataset name ED0291.DLRH.REDEFAULT.TEXT. The debt ID is in positions 1-16 and the SSN is in positions 33-41 on this fixed-width (flat) text file.
- ➢ While there is no fixed minimum balance eligible for rehabilitation, balances that are less than twice the borrower's monthly payment will not be rehabilitated.
- ➢ Direct Loans with judgments are not eligible for rehabilitation

### B. Qualifying Payments

Borrowers must make *(9) nine full, timely, voluntary monthly payments of an approved amount in a (10) ten month period* in order to qualify for Direct rehabilitation. Borrowers may miss one payment in a ten-month period and still qualify for Direct rehabilitation.

- ➢ "Full" payments
  - o Defined as those meeting the L103 billing amount.
  - o The full amount of the L103 billing amount must be received in the form of a *voluntary payment within twenty days of the L103 billing due date*—no more than twenty days early nor twenty days late

- Involuntary payments (wage garnishments, offsets, DOJ payments, etc.) do *not* count toward this requirement.

➤ **Billing amount**
  o May be changed at any point in the qualifying process, but *all* payments will be evaluated based on the L103 billing amount as of the close of business on the last day of the calendar month.
    ▪ Increasing a borrower's billing amount may lengthen the time for him/her to qualify, if earlier payments were for a lower amount
    ▪ Decreasing a borrower's billing amount may affect the PCA's eligibility for commission, since ED uses the billing amount to determine if the minimum payment percentage has been met

➤ **"Split" Payments**
  o Borrowers may make payments weekly or monthly, so long as the cumulative amount of voluntary payments received within 20 days of every due date equals or exceeds the current L103 billing amount.
    ▪ Note: see the "Exception Requests" subsection on split payments for additional information about when/whether an exception request may be required

➤ **"Timely" payments**
  o Defined as those received at the payment center (i.e., have an effective date on the R103 screen) within twenty days of the L103 billing due date—no more than twenty days early nor twenty days late.
    ▪ Nine full payments must be received within twenty days of a *single* due date in order for the borrower to qualify.
    ▪ Due date may be changed at any point in the qualifying process, but the timeliness of all payments will be evaluated based on the L103 billing due date as of close of business on the last day of the calendar month.

➤ **Bounced Payments**
  o Payments reversed or stopped do not count toward the series of qualifying payments

➤ **Current Payments**
  o Borrower must be current with his payments as of the last day of the calendar month.
    ▪ Borrower must have made a timely full payment for the most recently expired monthly due date (i.e., the last monthly due date that is at least 20 days earlier than the last day of the calendar month) or for a subsequent due date that has not yet expired.
      • Example: if the sweep occurs shortly after January 31, and the borrower's due date is the 15th of each month, the borrower must have made a timely payment for either:

- His December payment (since on Jan 31 he still has time to make a timely payment for January), or
- His January payment, or
- His February payment

➢ **ED's Direct Debit Program (DDP) Payments**
  o Count toward rehabilitation
  o If the borrower is on DDP as of the last day of the calendar month, the DDP information will be used to calculate the borrower's billing amount and due date as follows:
    ▪ The due date will be the 16th of the month (thus a payment received on any calendar day of any month will be timely for that month)
    ▪ The billing amount will be the DDP amount multiplied by the number of payments debited per month (if debiting is weekly, the billing amount will be the DDP amount times 4, etc.)

## C. Acceptable Payment Amounts

➢ **"Reasonable and Affordable" qualifying payments**
  o Must be based on the amount owed and on the borrower's "total financial circumstances."
  o Based on the balance to be rehabilitated, monthly payments equal to a certain percentage of that balance may automatically be considered "reasonable and affordable", based on the table in *Section 1, subsection I of this Chapter* (minimum payment amounts).
  o The PCA does not need to obtain a statement of financial status if the borrower's payments meet the minimum percentages in Section 1, subsection I of this Chapter.

➢ **Obtaining a completed statement of financial status**
  o The PCA must obtain a statement if
    ▪ The *PCA approves a monthly payment amount that is lower than the percentages stated in Section 1, subsection I of this Chapter AND if the borrower's payments are less than the greater of:*
      - $50.00, or
      - The amount of interest that accrues each month on the loan(s) being rehabilitated
    ▪ If the PCA approves monthly payments that are less than the percentages stated in Section 1, subsection I of this Chapter, the PCA will be *paid an administrative resolution fee, rather than a commission,* for the rehabilitation.

➢ **Wage garnishment (or other monthly involuntary payment situation)**
  o Borrower *may* qualify for rehabilitation by making voluntary payments *in addition to* his/her garnishment payments.

# EXHIBIT "B"



# Welcome

## 2009 PCA Training

# Welcome to Day 4

## Doug Laine

START HERE
GO FURTHER
FEDERAL STUDENT AID



# Rehabilitation

## Mike Bryant
## September 16, 2009

# Rehab – Basic Requirement

Direct and FFEL borrowers make nine timely voluntary payments of an approved amount in a ten month period, i.e. borrowers can miss one month.

For NDSL-Perkins loans, borrower must make nine *consecutive* timely payments.



# Rehab – Payment Amount

*Borrowers* can qualify by making payments that are "reasonable and affordable"

*PCAs* earn a commission when the borrower's payments equal a certain percentage of the amount rehabbed.

START HERE
GO FURTHER
FEDERAL STUDENT AID



# Rehab – Payment Amount

In general, the PCA will earn a commission if each of the borrower's payments equals at least 1.29% of the balance rehabbed (1.15% for NDSLs).

Recommendation: round up to nearest $5



# Rehab – Payment Amount

If the borrower's payments are below the minimum percentage, the PCA will be paid an administrative resolution fee at the time of rehab.

START HERE
GO FURTHER
FEDERAL STUDENT AID